UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY J. BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13cv2067 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINIION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* and for Supplemental Security Income. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

Plaintiff was 53 years old at the time of the hearing. She has 14 years of education. Plaintiff attended college and trade school. Plaintiff had been in sales and bookkeeping. Plaintiff also worked in food service as a waitress and bartender. There was also evidence that Plaintiff had abused prescription drugs in

the past. Plaintiff is capable of performing light housekeeping, cooking simple meals and driving a car. She can shop for groceries and handle money. Plaintiff watches television and reads daily without difficulty. Plaintiff received help with the dispensation of her medication, due to taking too much at one time.

Plaintiff provided additional testimony that although she has tested positive for Hepatitis C, she has never received treatment for it because no doctor has prescribed any treatment. Both of her wrists have been shattered and Plaintiff testified that she cannot perform repetitive work and that her wrists are very weak. Although Plaintiff testified that she has fibromyalgia, no rheumatologist has ever confirmed the diagnosis. Plaintiff has a lot of pain in her back due to several car accidents. She has trouble sitting for long periods of time. Plaintiff has periods of anxiety.

The ALJ found Plaintiff had the severe impairments of history of hepatitis C, history of fractured wrists, obesity, degenerative changes of the lumbar spine, major depressive disorder, borderline personality disorder, myalgias and arthralgias vs. Fibromyalgia. The ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.

A vocational expert testified in order to assist the ALJ in reaching a decision. The ALJ made inquiry of whether any occupation existed in significant

numbers for a hypothetical person of Plaintiff's age, education, and work experience who could lift and carry 20 pounds occasionally; 10 pounds frequently; stand or walk for six hours per day, sit for six, occasionally stoop, perform light work, with no direct contact with food products. Considering the testimony in response to that inquiry the ALJ determined that Plaintiff retained the RFC to perform light work, but was limited to jobs with infrequent and casual contact with others and not in a setting which includes regular/constant contact with the general public and that the Plaintiff should not perform work which includes more than infrequent handling of customer complaints. The ALJ also found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a small parts assembler and a light fixture assembler. Therefore, the ALJ found that Plaintiff was not disabled. The Appeals Council denied her request for review on August 8, 2013 and the ALJ's decision stands as the final decision for review by this court.

**Statement of Issues**

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In this proceeding the specific issues are

whether the ALJ appropriately considered the medical opinion evidence of record and whether the ALJ evaluated the credibility of Plaintiff.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the

ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next

step. Id. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the

record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. At Step One, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2008. The ALJ found at Step Two that Plaintiff had the severe impairments of history of hepatitis C, history of fractured wrists, obesity, degenerative changes of the lumbar spine, major depressive disorder, borderline personality disorder, myalgias and arthralgias vs. Fibromyalgia. At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that met or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform light work in which she can lift and carry twenty pounds occasionally, and ten pounds frequently; can stand or walk for six hours out of an eight hour workday; sit for six hours; occasionally stoop; and cannot perform work with direct contact with food products. Plaintiff can understand, remember, and carry out at least simple instructions and non-detailed tasks; respond appropriately to supervisors and co-workers in a task-oriented setting where contact with others is casual and infrequent. Plaintiff should not work in a setting which includes constant/regular contact with the general public and should not perform work which includes more than infrequent handling of customer complaints.

At Step Four it was the finding of the ALJ that Plaintiff was unable to perform any past relevant work.

Finally, at Step five, the ALJ found, considering Plaintiffs' age, education, work experience, and residual functional capacity that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in her Applications.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC by failing to include sufficient limitations with concentration, persistence and pace, by failing to include other limitations arising out of mental and physical impairments and supported by the record, and by making findings inconsistent with the ALJ's own findings at Step Three.

The ALJ's determination with respect to Plaintiff's limitations with concentration, persistence and pace are supported by substantial evidence in the record. The ALJ's RFC limited Plaintiff to light work, simple instructions and non-detailed tasks. He also limited Plaintiff to work that is task-oriented and infrequent contact with the public and others.

Plaintiff argues that her psychiatric records require a finding of disabling limitations. However, as the Commissioner correctly notes, Plaintiff generally presented as appropriately groomed, fully oriented with normal behavior, speech, thought process, and fair insight and judgment. Plaintiff was able to concentrate

sufficiently to read daily and perform daily activities of simple cooking, laundry and feeding chickens. Plaintiff was never hospitalized for psychiatric evaluation, rather, she was only hospitalized for detox when she overmedicated herself.

Plaintiff argues the ALJ erred in relying on the opinion of a State agency reviewing physician. Under the regulations, however, the ALJ can consider this opinion, 20 C.F.R. §§404.1527(e)(2), 416.927(e)(2). Moreover, there is no conflicting medical evidence in the record. Plaintiff's medical records establish clear indicia of drug seeking activity. Plaintiff's actions in seeking medication establish her propensity to abuse pain medication.

Plaintiff's argument that the Appeals Council failed to sufficiently consider new evidence is without merit. The Appeals Council indicated that it had considered the evidence submitted. Indeed, as the Commissioner correctly points out, there is no requirement that the Appeals Council articulate its reasons for denying review. See 20 C.F.R. § 404.970(b). See also *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (Appeals Council is not required to give detailed assessment of its failure to grant review after it has considered new evidence).

Plaintiff also argues that the ALJ erred in assessing Plaintiff's credibility by failing to make any specific credibility determination, and by failing to follow applicable cases and regulations.

In *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984) the Eighth Circuit set out factors the Commissioner must consider in evaluating subjective complaints. The ALJ is not required to discuss each factor under Polaski in a methodical fashion before discounting Plaintiff's subjective complaints, so long as the ALJ acknowledged and considered those factors. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). The ALJ recognized the factors that must here be considered and provided a proper analysis.

The ALJ properly considered Plaintiff's subjective complaints through his detailed discussion of Plaintiff's medical and psychological records. The ALJ noted that Plaintiff abused both narcotic pain medication and psychotropic drugs and engaged in drug seeking behavior. Plaintiff relinquished control of her medication to a friend for proper disbursement. Plaintiff continued to seek narcotics from her primary care physician, in spite of her psychiatrist's recommendation that she stop taking Valium and narcotics. Plaintiff frequently sought various controlled substances. "A claimant's misuse of medications is a valid factor in an ALJ's credibility determinations. *Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003)(citing *Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995).

Moreover, Plaintiff's medical records indicate that her mental status was often reported as normal; there is no evidence in the record to establish Plaintiff's

claims of fibromyalgia were supported by medical tests or evaluation by a rheumatologist. Plaintiff's reports regarding her lack of physical therapy included three different reasons.

The ALJ's credibility analysis was based upon the evidence of record and adequately articulated. The determination regarding the claimant's credibility is largely left to the ALJ. *See Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

## **Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of January, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE